**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-40167
Summary Calendar

JOSEPH ALFRED ROME, JR.,

Plaintiff-Appellant,

and

ELIZABETH B. ROME, JOSEPH A. ROME, SAMANTHA ROME,

Plaintiffs,

versus

CARLA QUINN, et al.,

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas
(4:94-CV-288)
(June 14, 1995)

Before THORNBERRY, HIGGINBOTHAM AND BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Appellant, Joseph A. Rome, Jr., is an inmate currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice (TDCJ). He appeals the district court's dismissal as frivolous his *pro se*, *in forma pauperis* civil rights action. We affirm.

---

[*]Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the Court has determined that this opinion should not be published.

I. BACKGROUND AND RELEVANT FACTS

On April 8, 1988, Rome was released to parole in the form of mandatory supervision after serving four years of a twelve year sentence. He asserts he did not acknowledge his release as required by state law, and states that on April 12, 1988, he filed a state habeas corpus application seeking full discharge. TEX. CODE CRIM. PROC. Art. 11.07, § 2, *et seq*. Shortly thereafter, a pre-revocation warrant alleging Rome had violated conditions of his release was issued by the Texas Board of Pardons and Paroles. Rome asserts the state district court recommended that relief be granted; however, because the pre-revocation warrant was withdrawn during pendency of his state writ, the Texas Court of Criminal Appeals denied said writ without written order in July 1988. On April 24, 1993, he was arrested pursuant to the warrant which he claims was withdrawn in 1988 and, after a hearing, his parole in the form of mandatory supervision was revoked.

Rome filed this 42 U.S.C. § 1983 action against Appellees Carla Quinn and Jacalyn Banta, employees of the TDCJ, Pardons and Paroles Division, seeking a declaratory judgment that they had maliciously abused the legal process by denying him due process and due course of law, failing to allow him to assert any defenses, and using a perjured affidavit at the revocation proceeding.[1] In

---

[1] Rome has not pursued on appeal his request for declaratory relief. Consequently, he has abandoned this claim. See <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994).

2

addition, he sought damages for false imprisonment and punitive damages.[2]

The magistrate judge first found that because Rome had challenged the fact or duration of his confinement rather than conditions of confinement, the claim should be litigated as a habeas corpus action. Prieser v. Rodriquez, 411 U.S. 475, 484 (1973).[3] The magistrate then recommended the complaint be dismissed as frivolous because Rome had failed to allege an arguable § 1983 claim in light of Heck v. Humphrey, ___ U.S. ___, 114 S.Ct. 2364 (1994). He also recommended that Rome be warned that he will be subject to sanctions if he continues to file frivolous or malicious suits. The district court adopted the magistrate judge's recommendations, and ordered the cause dismissed with prejudice pursuant to 28 U.S.C. § 1915(d).


II. DISCUSSION

A. Allegations

Rome argues on appeal that the process used to revoke his parole was unconstitutional and beyond the authority of the Board. He seeks damages for violation of his constitutional rights in connection with the revocation proceeding and does not attack his conviction or sentence. Specifically, he makes the following

---

[2] The complaint also sought compensatory and punitive damages on behalf of Rome's family. The family members have not appealed the district court's dismissal of this cause.

[3] The magistrate judge also noted that this same action had been dismissed without prejudice to allow Appellant to exhaust appropriate habeas corpus remedies.

arguments: the Board had no authority to revoke parole because he never signed the "Mandatory Supervision Contract;" the Board withdrew the pre-revocation warrant in order to avoid a hearing by the Texas Court of Criminal Appeals on his state habeas application; the revocation process was unconstitutional because there were no Board members present and parole was revoked by an unconstitutionally appointed hearing officer; he was denied compulsory process at the hearing and his right to a speedy hearing was violated, and; the "District and Circuit Courts" have protected the unconstitutional state laws and the Board's failure to conform to state laws and the constitution.

## B. Analysis

Our review of a district court's dismissal of an *in forma pauperis* complaint as frivolous is based on an abuse of discretion standard. Denton v. Hernandez, ___ U.S. ___, 112 S.Ct. 1728, 1734 (1992). We find no error in the district court's dismissal of the instant complaint.

In Heck v. Humphrey, the Supreme Court has recently held that in order to recover damages for harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff in a § 1983 action must prove the conviction or sentence was reversed on appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus. 114 S.Ct. at 2372. A claim for damages bearing

4

that relationship to the conviction or sentence which has not been so invalidated is not cognizable by a § 1983 action.  Ibid.

Rome does not demonstrate that his conviction or sentence has been invalidated.  Nor does he allege that his conviction or sentence has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus.

Rome argues Heck is inapplicable to the instant cause because he is not attacking the validity of his conviction or sentence. However, this court has recently held a similar complaint not cognizable under § 1983, and properly dismissed under Heck's rationale.  See Cotton v. Texas Dept. of Criminal Justice, No. 94-10532 (5th Cir. August 26, 1994) (unpublished).  Citing Jackson v. Torres, 720 F.2d 877 (5th Cir. 1983), we first noted that an action attacking the validity of parole proceedings calls into question the fact and duration of confinement.  Cotton, slip op. at 2.  We then held that because Cotton had sought money damages for alleged improprieties in his parole revocation proceedings, this claim was precisely the type of suit proscribed by Heck.  Id., slip op. at 3. We also held that because Cotton sued members of the Parole Board only for actions taken in their official capacity, and consequently they enjoyed eleventh amendment immunity, Cotton's claim lacked an arguable basis in law.  Ibid.

Since Rome's seeks monetary damages for alleged improprieties in his parole revocation proceeding, this claim is not cognizable in a § 1983 action.  Also, since his claim was against employees of

5

the TDCJ Pardons and Paroles Division, his claim lacked an arguable basis in fact or law.[4]

## III. CONCLUSION

The district court did not abuse its discretion in dismissing the cause as frivolous.

AFFIRMED.

---

[4] Alternatively, the district court could have dismissed this cause because the Appellees are arguably absolutely immune from liability in a § 1983 action. Thomas v. Scherer, No. 94-11006, slip op. at 3 (5th Cir. March 22, 1995) (unpublished). See also, Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994); Walter v. Torres, 917 F.2d 1379, 1383 (5th Cir. 1990).